IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURY J. BAKIE | * |
|     Plaintiff, | |
|     v. | *   CIVIL ACTION NO. ELH-15-2001 |
| AMERICA ONLINE INC. (AOL) | * |
| JOHN DOE CORPS 1-X | |
| JOHN DOES 1-X | * |
|     Defendants. | |
| | ***** |

MEMORANDUM

On July 8, 2015, Laury J. Bakie, a resident of Cambridge, Maryland, filed this self-represented, fee-paid Complaint against America Online Inc. ("AOL"), a Virginia business, and unknown John Doe corporations and individuals. ECF 1. Ms. Bakie alleges claims for "Breach of Contract," "Negligence," and "Invasion of Privacy," and seeks $60,000 in damages and injunctive relief. She invokes this court's federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 & 1332.

Plaintiff claims that, on or about July 8, 2013, AOL allowed another account holder to access plaintiff's "private email account, which contained confidential material. . . ." ECF 1 at 3. Further, she avers that AOL allowed a co-account holder (1) to deny Ms. Bakie "access" to her "private e-mail account" and (2) to "remove, delete, and/or share over 4000 e-mails with others that were the property of [Ms. Bakie]." ECF 1 at 2. Ms. Bakie further contends that although she contacted AOL, it failed to respond "in a timely fashion," leaving her personal information inaccessible to her, but available to others. ECF 1 at 2-3. As noted, Ms. Bakie seeks compensatory damages in the amount of $60,000. *Id.* at 4.

This court, like all federal courts, has "an independent obligation to determine whether

subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96.

A court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). Moreover, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A court may obtain jurisdiction in two ways. Under 28 U.S.C. § 1331, a court may obtain subject matter jurisdiction in a case involving a federal question. In addition, under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." This is known as diversity jurisdiction. Section 1332 generally "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

As noted, 28 U.S.C. § 1331 refers to federal question jurisdiction. District courts have

2

original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Maryland, Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed, in *Verizon Maryland, Inc.*, the Court said, 377 F.3d at 362:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

(Internal citations and quotations omitted).

The court has carefully reviewed Ms. Bakie's complaint. No federal claim is readily apparent. At best, her cause of action alleges nothing more than a breach of contract and tortious conduct by AOL. Thus, she has failed to set out a colorable claim under 28 U.S.C. § 1331.

Because federal question jurisdiction is lacking here, the only possible basis for jurisdiction over Ms. Bakie's contract and tort claims is diversity of citizenship. As stated earlier, pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is a "firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction." *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the

rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

Ms. Bakie has failed to show that "the matter in controversy exceeds $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). To the contrary, she seeks $60,000.00 in damages. Because Ms. Bakie has expressly represented to this court that she is seeking less than the jurisdictional minimum, the Complaint fails to allege facts to satisfy the amount in controversy required by statute. Therefore, the suit shall be dismissed, without prejudice, for lack of subject matter jurisdiction.[1]

A separate Order shall be entered in accordance with this Memorandum.


Date: July 20, 2015                              /s/
                                        Ellen L. Hollander
                                        United States District Judge

---

[1] In addition, it is not crystal clear that there is complete diversity here as the residence or domicile of "John Doe" defendants is unknown.